# In the United States Court of Federal Claims

No. 21-2281

Filed: February 28, 2023

_____

NORBERTO SOLANO,

              *Plaintiff*,

   v.

THE UNITED STATES,

              *Defendant*.
_____

*Daniel M. DiRe*, Donald R. Holben & Associates, APC, San Diego, California, for Plaintiff.

*Kelly M. Geddes*, U.S Department of Justice, Commercial Litigation Branch, Civil Division, *with whom were Reginald T. Blades, Jr.*, Assistant Director, *Patricia M. McCarthy*, Director, *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *Alexandra Abbey*, Assistant Counsel, Commander, Navy Region Southwest, Office of General Counsel, *of counsel*.

## OPINION AND ORDER

**MEYERS, Judge**.

In this case, the Plaintiff challenges the Government's alleged unpaid overtime and failure to pay the correct hourly wage. The Government moves to dismiss most, but not all, of the Complaint as either outside the Court's jurisdiction or for failure to state a claim. Because the overtime claims arise under the Fair Labor Standards Act, the Government moves to dismiss any claim that accrued outside that act's statute of limitations. Similarly, the Government argues that the Plaintiff cannot maintain a claim under the Back Pay Act because that act does not apply to the Plaintiff. Finally, the Government moves to dismiss the Plaintiff's breach of contract claim because the Plaintiff was an appointed employee of the Government, meaning there cannot be a contractual relationship between him and the Government.

## I.     Background[1]

Robert Solano has worked for the U.S. Department of the Navy, Morale, Welfare, and Recreation Division (the "Navy MWR"), a nonappropriated fund instrumentality ("NAFI"),

---

[1] The facts presented are from Plaintiff's Complaint, ECF No. 1, and presumed to be true for purposes of this Opinion and Order. The Court makes no factual findings.

since 1997.  ECF No. 1 ¶ 7.  As of 2009, Plaintiff's regular pay rate was $13.19 per hour.  ECF No. 1 ¶ 9.  Plaintiff was promoted to Sous Chef in 2011, which he alleges increased his hourly pay to $21.00 per hour.  ECF No. 1 ¶ 10.  The Navy, however, never paid Solano $21.00 per hour despite repeatedly confirming his promotion to Sous Chef.  ECF No. 1 ¶ 11-12.

Plaintiff also alleges the Navy has failed to pay him overtime despite regularly working more than eight hours on a given workday.  ECF No. 1 ¶ 13.  Plaintiff contends that he was forced to work through his meal breaks "in each day of his employment with N[avy] MWR" because of the shortage of staff.  ECF No. 1 ¶¶ 18-19.

Plaintiff's first count alleges that the Government willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay Plaintiff overtime when he worked more than 80 hours per pay period.  ECF No. 1 ¶¶ 21-24.  Plaintiff's second count alleges the Navy committed an unjustified personnel action against him in violation of the Back Pay Act, 5 U.S.C. § 5596, by failing to pay Solano for working through his meal periods, which he alleges were not "'bona fide meal periods' within the meaning of 29 CFR 785.19(a)."  ECF No. 1 ¶¶ 25-28.  Plaintiff's third count alleges a violation of the FLSA for the Navy's failure to pay him for the time he worked during his meal periods.  ECF No. 1 ¶¶ 29-36.  Plaintiff's fourth count alleges the Navy has and is continuously breaching its contract with him by failing to pay Solano $21.00 per hour, despite his "performing the job duties and requirements of" a Sous Chef.  ECF No. 1 ¶¶ 37-45.  Solano seeks liquidated damages, and attorney's fees and costs.

The Government moves to dismiss most of the Complaint under RCFC 12(b)(1) and 12(b)(6).  ECF No. 7.  The Government moves to partially dismiss Counts I and III under RCFC 12(b)(1) because they are time barred by the FLSA's statute of limitations "to the extent that they allege FLSA violations that accrued more than three years before the complaint was filed."  ECF No. 7 at 5.  Alternatively, the Government moves to dismiss Counts I and III under Rule 12(b)(6) for failure to state a claim because "[e]ven if the Court possesse[s] jurisdiction over such claims," the FLSA prevents Solano from recovering for willful violations that occurred more than three years prior to the filing of the complaint.  *Id.*  The Government moves to dismiss Count II for failure to state a claim upon which relief can be granted, arguing that the Back Pay Act does not cover Solano because he is a NAFI employee.  *Id.* at 6.

Finally, the Government moves to dismiss Count IV under Rule 12(b)(1) because Plaintiff merely alleges a contract exists in conclusory language.  Additionally, Plaintiff's employment with the Navy MWR is that of an appointee rather than a contractual relationship.  And without an express or implied contract, this Court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1491(a)(1) (granting jurisdiction to this Court for "any express or implied contract with the United States").  The Government also moves to dismiss Count IV under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that, legally, the Plaintiff cannot have a contractual relationship with the Government and, additionally, the Plaintiff fails to adequately plead the required elements of a contract.  ECF No. 7 at 9-10.

## II.     Standard of Review

The Tucker Act grants this Court with jurisdiction to hear claims against the United States based on the Constitution, and Act of Congress, a regulation of the Executive Branch, or

an express or implied-in-fact contract with the United States.  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, does not grant substantive rights.  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).  To establish jurisdiction "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Id.*  The Plaintiff must provide a nonfrivolous argument that he is "within the class of plaintiffs entitled to recover under the money-mandating source."  *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).  If there is no "money mandating" source of law, this Court lacks jurisdiction and must dismiss the case for lack of subject matter jurisdiction.  *Id.* at 1308.

"A challenge to the Court's subject-matter jurisdiction over all or part of the claims asserted in a complaint is properly raised by motion under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims . . . .  If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action."  *Smith v. United States*, 158 Fed. Cl. 520, 524 (2022); *see also* RCFC 12(h)(3).  When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor."  *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  It is well-established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence."  *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (citation omitted).

"'A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy.'"  *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006) (quoting *Boyle*, 200 F.3d at 1372).  As the Supreme Court explained, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  And to be plausible on its face, it "does not need detailed factual allegations."  *Twombly*, 550 U.S. at 555; *see also Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009).  In other words, the complaint must contain enough detail "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation omitted).  "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."  *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) (citations omitted).  Nevertheless, the Court "'must assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant.'"  *United Pac. Ins. Co.*, 464 F.3d at 1327-28 (*quoting Anaheim Gardens v. United States*, 444 F.3d 1309, 1314-15 (Fed. Cir. 2006)).

**III.    Discussion**

The Government moves to dismiss much of Solano's Complaint under Rules 12(b)(1) and 12(b)(6).  The Government moves to dismiss Solano's FLSA claims insofar as they seek relief beyond the FLSA's statute of limitations.  The Government then moves to dismiss Solano's Back Pay Act claims because he does not qualify as an employee entitled to the protections of the Act.  Finally, the Government moves to dismiss Solano's contract claims for failing to adequately plead the existence of a contract and because Solano serves in an appointed position and, therefore, his employment is governed by regulation rather than contract.  The Court addresses each in turn.

### A. The FLSA's statute of limitations limits this Court's jurisdiction (Counts I and III).

The FLSA requires employers to pay their employees at least one and one-half times their hourly rate of pay for any time worked above forty hours in a single workweek.  29 U.S.C. § 207.  Counts I and III allege the Navy MWR violated the FLSA by requiring Solano to work more than 40 hours per week without paying him overtime pay.  The Complaint clearly alleges that these Counts arise solely under the FLSA.  *E.g.*, ECF No. 1 at ¶¶ 22-23, 30-35.

The Government moves to "dismiss Counts I and III for lack of subject-matter jurisdiction to the extent that they allege FLSA violations that accrued more than three years before the complaint was filed."  ECF No. 7 at 5.  According to the Government, "[t]he FLSA includes a statute of limitations that is jurisdictional in the Court of Federal Claims."  *Id.* at 4 (citing *Plaintiff No. 1 v. United States*, 154 Fed. Cl. 95, 102 (2021)).  The FLSA provides that unpaid minimum wages, overtime, or liquidated damages under the Act "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  "As a general rule, 'a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid.'"  *Udvari v. United States*, 28 Fed. Cl. 137, 139 (1993) (quoting *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988)).  Thus, the Government argues the Court must dismiss Counts I and III insofar as they seek damages for unpaid overtime before December 10, 2018—*i.e.* more than three years prior to Plaintiff's filing the complaint on December 10, 2021.

"It is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature."  *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008) (recognizing that this Court's statute of limitation, 28 U.S.C. § 2501, is jurisdictional in nature).  Thus, claims falling outside the applicable statute of limitations are outside the Court's jurisdiction.

To resolve the jurisdictional dispute, the Court must first determine which statute of limitations applies.  As explained above, the Government argues that the FLSA's statute of limitations applies and limits the Court's jurisdiction.  Solano argues that the Court's generally applicable six-year statute of limitations, 28 U.S.C. §2501, applies.  ECF No. 8 at 3-4.  Under § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."  Thus, Solano argues that "at the very least the Court of [Federal] Claims retains subject matter jurisdiction over all claims to the extent they go back six years."  ECF No. 8 at 4.  Not so.  When the statute that a plaintiff sues under contains a statute of limitations, this Court applies the statute of limitations applicable to that statute rather than the Court's general six-year statute.  *E.g.*, *Ewer v. United States*, 63 Fed. Cl. 396, 399 (2005) (collecting cases).  Because Solano sues under the FLSA, the Court will apply the FLSA's three-year statute of limitations and grant the

4

Government's motion to dismiss Counts I and III to the extent they seek damages accruing before December 10, 2018.[2]

None of Solano's remaining arguments compel a different result. First, Solano argues that a partial dismissal of his FLSA claims at this stage is premature because the statute of limitations could be equitably tolled. ECF No. 8 at 3. Solano reasons that "equitable tolling of the statute of limitations in an FLSA case may be appropriate where plaintiff can show: (1) 'that there was a defective pleading filed during the statutory period,' or (2) that 'the plaintiff has been induced or tricked by the defendant's misconduct into allowing the filing deadline to pass.'" *Id.* (quoting *Hickman v. United States*, 43 Fed. Cl. 424, 427 (1999), *aff'd*, 232 F.3d 906 (Fed. Cir. 2000)). According to Solano, "no fact discovery has been completed and it would be inappropriate to dismiss part of plaintiff's claims which could be accessed with evidence of concealment or secretive conduct which could have prevented plaintiff from believing his claim would have accrued." *Id.*

Although equitable tolling may be appropriate in some circumstances, "[w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)). Here, Solano has neither alleged that "there was a defective pleading filed during the statutory period," nor anything that could support a finding that he has "been induced or tricked by the [Government's] misconduct . . . ." *Hickman*, 43 Fed. Cl. at 427 n.4; *see also Ewer*, 63 Fed. Cl. at 401-02. Instead, the Complaint demonstrates that Solano has long been aware of the Government's alleged misconduct. He alleges that he "has received repeated correspondence confirming his promotion, [and] he has never been paid the rate that is due pursuant to his position." ECF No. 1 ¶ 12. In plain terms, Solano was aware that the Navy MWR was not paying him at the rate he claims to have been owed. Therefore, even if equitable tolling were available, there is nothing in the Complaint or nature of these allegations that supports it here.

Second, Solano argues that partially dismissing his FLSA's claims "is premature at this stage as the statute could be tolled by a finding of continuing violation" on the part of the Government. ECF No. 8 at 3. According to Solano, "where the payments are to be made periodically, each successive failure to make proper payment gives rise to a new claim upon which suit can be brought." *Id.* at 4 (quoting *Friedman v. United States*, 310 F.2d 381, 385 (Fed. Cir. 1962)). "Here, [plaintiff] alleges that he suffered a series of 'independent, distinct wrongs' as he was

---

[2] The Government does not concede that that the three-year statute of limitations applies to this case. Rather, the Government moves to dismiss any claims for unpaid overtime accruing before December 10, 2018, because even assuming the three-year statute of limitations for willful violations, Solano could not recover for claims before this date. The Government is leaving the question of whether Solano can prove its conduct was "willful" under the FLSA for another day. ECF No. 7 at 5 ("At most, if Mr. Solano is successful on Counts I or III, he could therefore recover for overtime hours worked dating back to the beginning of the statute of limitations period, two or three years before the complaint was filed, depending on whether he can prove willfulness."). Because the question of willfulness is not before the Court, nothing in this opinion constitutes a finding that the FLSA's three-year rather than its two-year statute of limitations applies.

5

failed again and again to be paid within the requisite pay period . . . . Thus, the Plaintiff's claims should not be dismissed . . . as the continuing violation doctrine clearly applies here." *Id.*

The Government, however, has not asked this Court to "dismiss any claims that have accrued within the last three years, the potentially applicable statute of limitations." ECF No. 9 at 6. While each successive failure to pay Solano what he claims to have been owed may constitute a new claim, that does not overcome the Government's motion because the Government is not challenging any alleged underpayment within the statute of limitations. But a newly accruing claim at each pay period does not allow Solano to reach back six years; it allows him to bring his claims for pay periods within the FLSA's statute of limitations. In other words, because each alleged underpayment creates a new claim, Solano can bring his claims for those paychecks within the statute of limitations. This would not be allowed—i.e., the entire case would be dismissed—if each alleged underpayment were not a new claim. Thus, the continuing violation theory does not save the Complaint from the Government's motion to dismiss.

Finally, Solano argues that the Government is only challenging certain parts of the Complaint that are not confined to the applicable statute of limitations. Therefore, Solano argues that the Government should have brought its statute of limitations claims as a motion to strike under Rule 12(f) instead of a Rule 12(b)(6) motion to dismiss which "cannot be used to challenge just certain allegations within a claim while the underlying claim is not itself challenged." ECF No. 8 at 4-5. As an initial matter, the Government did not file its motion to dismiss under Rule 12(b)(6). It moved under Rule 12(b)(1).[3] And the Government "does not seek to strike specific factual allegations from Mr. Solano's complaint, but rather seeks to dismiss all claims that accrued more than three years before the complaint was filed." ECF. No. 9 at 7. Therefore, the Government was correct to raise its statute of limitations argument through a Rule 12(b)(1) motion.

### B.   Solano is not an employee covered by the Back Pay Act (Count II).

Solano argues that he suffered "an unjustified personnel action in that he was forced to work without being compensated for his meal periods, which he was forced to work through, and without being paid for overtime work in accordance with the FLSA." ECF No. 1 ¶ 26. Count II seeks redress under the Back Pay Act. The Government moves to dismiss Count II for failure to state a claim on which relief can be granted, arguing that the Back Pay Act does not apply to NAFI employees like the plaintiff. ECF No. 7. at 6.

As an initial matter, the Court concludes that Rule 12(b)(1) is the proper vehicle for the Government's motion, not Rule 12(b)(6). While it is true that the Back Pay Act is money-mandating and this Court generally has jurisdiction to hear claims under it, it is also clear that there is no nonfrivolous argument that Solano qualifies for its protection. To establish this Court's jurisdiction, "all that is required is a determination that the claim is founded upon a money-mandating source *and* the plaintiff has made a nonfrivolous allegation that it is *within the class of plaintiffs entitled to recover under the money-mandating source.*" *Jan's Helicopter*, 525

---

[3] The Government did argue that if the Court did not agree that the statute of limitations is jurisdictional in nature, then dismissal under Rule 12(b)(6) would be appropriate. ECF No. 7 at 5.

F.3d at 1309 (emphasis added).  Here, there is no dispute that the Back Pay Act is a money-mandating source.  The issue, however, is that the Act excludes Solano from coverage, meaning there cannot be a nonfrivolous argument that he is within the class entitled to recover.

The Back Pay Act provides certain remedies to an "*employee* of an agency" who suffers certain personnel actions that negatively impact pay.  5 U.S.C. § 5596(b)(1) (emphasis added).  Subject to limited exceptions not relevant here, "[a]n employee paid from nonappropriated funds of the . . . Navy Ships Stores Program, Navy exchanges, . . . and other instrumentalities of the United States under the jurisdiction of the armed forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces *is deemed not an employee* for the purpose of . . . laws administered by the Office of Personnel Management . . . ."  5 U.S.C. § 2105(c) (emphasis added).  Because Solano works for a NAFI, ECF No. 1 ¶ 3 (acknowledging that Navy MWR is a NAFI), the question is whether OPM administers the Back Pay Act.  It does.  5 U.S.C. § 5596(c) ("The Office of Personnel Management shall prescribe regulations to carry out this section.").

Because Solano is not an "employee" covered by the Back Pay Act, he is necessarily not "within the class of plaintiffs entitled to recover under the" Act.  *Jan's Helicopter*, 525 F.3d at 1309.  The Court therefore grants the Government's motion to dismiss Count II of the plaintiff's complaint for a lack of subject matter jurisdiction.  Even if the Court were to consider this motion under Rule 12(b)(6), the conclusion would be the same because Solano is statutorily excluded from recovering under the Back Pay Act.  Even if this Court had jurisdiction, it would still dismiss Count II under Rule 12(b)(6).

**C.     Solano's employment is governed by regulation rather than contract (Count IV).**

Finally, the Government argues that this Court lacks subject matter jurisdiction over Solano's breach of contract claim because he is an appointed employee rather than a contractual one.  The Tucker Act provides this Court jurisdiction over claims founded "upon any express or implied contract with the United States . . . ."  28 U.S.C. § 1491(a)(1).  The Court, however, does not possess subject matter jurisdiction over breach of contract claims brought by appointed federal employees because their employment relationship is a matter of statute and regulation, not contract.  *E.g.*, *Collier v. United States*, 56 Fed. Cl. 354, 356 (2003), *aff'd*, 379 F.3d 1330 (Fed. Cir. 2004).

A federal employee must either be appointed to a position or work pursuant to a contract.  These are mutually exclusive because an employee's "relationship with the Government cannot be simultaneously governed by both an appointment and a contract."  *Collier v. United States*, 56 Fed. Cl. 354, 356 (2003), *aff'd*, 379 F.3d 1330 (Fed. Cir. 2004).  And "absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government."  *Collier*, 379 F.3d at 1331 (quoting *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985)).  Therefore, the Court must analyze statutes and regulations to determine how the Navy MWR employed Solano.  *Piper*, 90 Fed. Cl. at 503 (citation omitted).

The relevant Department of Defense ("DoD") regulation prohibits the use of contracts for Solano's employment. DoDI 1400.25 provides that "[a] personal service contract *may not be used* where an employer and employee relationship results from the performance of work. Such jobs must be graded and paid under the applicable pay system described [in DoDI Volume 1405]." DODI 1400.25, Vol. 1405, encl. 3 ¶ 2(a) (emphasis added). The Navy also makes clear that its NAFI employees like Solano are appointed rather than contract employees. Navy policy states that "[a] service contract may not be used to hire an individual for a job that requires such services on a continuing basis or where an employee employer relationship results from the performance of work. In these cases, positions will be established, graded and paid under the appropriate NAF pay schedule." CNICINST 5300.2, encl. 1, ch. 3 ¶ 301(j). If that were not enough, the Navy Instruction provides that service contracts can only pay based on a fee and "[a] contract to which a salary or wage is attached is prohibited." *Id*. ¶ 301(j)(1)(a). The governing regulations prohibit finding Solano a contractor.

Perhaps recognizing that he is an appointed employee, Solano argues that "[i]f this Court were to hold that Mr. Solano could not continue forward with either a breach of contract claim, or a claim sounding under the Back Pay Act, then he (and all other NAFI appointed employees) would be completely without any remedy for violations of their employment with the NAFI." ECF. No. 8 at 5-6. "Thus, as a matter of public policy" plaintiff should "be able to seek redress for this claim under either a breach of contract theory or a Back Pay Act theory." *Id.* at 6. This Court, however, will not elevate Solano's view of "public policy" over clear statutory and regulatory text. Solano directs these policy arguments at the wrong branch of government; he needs to make these arguments to Congress and the DoD's policymakers, not the courts.

Because Solano's employment cannot be based on a contractual relationship, he must be an appointed employee of the Navy MWR. Again, under *Collier*, he cannot be both. And since Solano may not bring a breach of contract claim, dismissal is proper for lack of subject matter jurisdiction. *Collier*, 379 F.3d at 1334. Here too the dismissal is perhaps properly resolved under RCFC 12(b)(6) because the Court generally has jurisdiction over breach of contract claims. Given *Collier*'s resolution of a claim like Solano's on jurisdictional grounds, the Court resolves this issue under RCFC 12(b)(1). That said, the outcome would be the same under RCFC 12(b)(6).

D.      **Amendment of the complaint.**

Solano argues that if the Court grants the Government's motion to dismiss, it should grant him leave to amend the Complaint. Under RCFC 15(a)(2), the Court "should freely give leave when justice so requires." But the Court is not required to grant leave to amend if the amended complaint could not survive a motion to dismiss. And "[w]here an amended complaint will not survive a motion to dismiss, the proposed amendment is futile" and should be denied. *Dixon v. United States*, 158 Fed. Cl. 80, 85 (2022) (citations omitted). To show that amendment should be allowed, Solano "'must proffer sufficient facts supporting the amended pleading that the claim should survive a dispositive pretrial motion.'" *Id*. (quoting *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006)). He has not done so.

Solano does not, in fact, argue what might change the outcome.  Rather, he simply argues that he must get a chance to amend the Complaint so that he "might state a claim."  ECF No. 8 at 6.  But Solano fails to recognize that his Complaint fails to establish this Court's jurisdiction because of statutory or regulatory prohibitions that cannot readily be pleaded around.  Thus, given that the Back Pay Act excludes Solano from its protections, no amendment will survive and is futile.  Similarly, the regulatory prohibition on using personal service contracts for Solano's employment, coupled with the presumption that he is appointed rather than a contract employee, render an amendment similarly futile.

Solano's FLSA claims present a closer call.  Even assuming equitable tolling is possible (something the Court does not resolve), it does not appear that amendment is proper here.  Solano does not contend that he has previously filed a defective complaint, meaning that equitable tolling could only apply if the Navy MWR tricked Solano into not bringing his case sooner.  *E.g.*, *Ewer*, 63 Fed. Cl. at 401.  Solano has not proffered any facts that support finding that his amended complaint would survive a motion to dismiss.  He has known from the outset that the Navy MWR was not paying what he thought it should have been and that he was (allegedly) working overtime hours without getting overtime pay.  Therefore, the Court denies leave to amend at this time.  If Solano believes that amendment is appropriate, he may move for leave under RCFC 15.

## IV.  Conclusion

For the reasons stated above, the Court grants the Government's motion to dismiss, ECF No. 7, and dismisses Counts II and IV of the Complaint in their entirety and Counts I and III insofar as they seek damages for alleged FLSA violations accruing before December 10, 2018.

**IT IS SO ORDERED.**

s/ Edward H. Meyers  
Edward H. Meyers  
Judge
